**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          NO. 4:06CR00040-06 JLH

ARTHUR DARNEZ WAITS                                                                   DEFENDANT

**JUDGMENT AND COMMITMENT ORDER**

Court convened on Tuesday, January 11, 2011, for the scheduled hearing on the government's motion and supplemental motions to revoke supervised release. Documents #187, #191, #198, #199, #200, and #202. Assistant United States Attorney Jana Harris was present for the government. The defendant appeared in person with his attorney, Assistant Federal Public Defender Chris Tarver. Supervising United States Probation Officer Gregg Jumper and United States Probation Officer Selina Earsa were also present.

The Court had previously continued the revocation hearing on June 10, 2010, to allow for resolution of defendant's three (3) state felony charges. Those charges remain unresolved. The parties were informed at the onset of today's hearing that the Court would not take the pending state charges into consideration in ruling on the petitions to revoke, and would not make any findings on those allegations. The purpose of the hearing today was to address defendant's repeated electronic monitoring violations and the admissions he previously made during the May 13, 2010, hearing concerning delinquent supervision reports and failure to make restitution payments.

During the hearing, defendant did not express a recollection of the dates of the alleged violations concerning electronic monitoring conditions. Following witness testimony from the probation officers in attendance, the Court found that approximately twenty (20) violations

concerning electronic monitoring conditions had occurred.  The Court further found that defendant had given false statements to the probation officers.   The Court found determined that defendant's supervised release should be revoked.  The motion and supplemental motions to revoke pertaining to all allegations except the pending state charges are granted.  Documents #187, #198, #199, #200, and #202.  The supplemental motion specifically addressing state charges is denied as moot. Document #191.

IT IS THEREFORE ORDERED that defendant be committed to the custody of the Bureau of Prisons for a term of **EIGHT (8) MONTHS with no term of supervised release to follow**. **Defendant is to self-report to the designated Bureau of Prisons facility by Monday, February 28, 2011**.

The $42.00 balance of defendant's special penalty assessment is mandatory and is due immediately.  Restitution in the amount of $2,669.52 is reimposed and is payable as follows: $1,340.60 is payable to Bank of England; and $1,328.92 is payable to Watson's Liquor.  During incarceration, defendant will pay 50 percent per month of all funds that are available to him.  The interest requirement is waived.  Restitution is joint and several with any other person who has been or will be convicted on an offense for which restitution to the same victim on the same loss is ordered.

IT IS FURTHER ORDERED that defendant's conditions of supervised release are hereby modified to remove the electronic monitoring requirement.  Defendant is to immediately make arrangements to return the electronic monitoring equipment to Supervising United States Probation Officer Gregg Jumper.

All other conditions of supervised release remain in full force and effect as previously imposed until defendant's report date to the Bureau of Prisons.

IT IS SO ORDERED this 11th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE